PEACHRIDGEIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PEACHRIDGE ENERGY OPERATING, LLC,** § § § | | |
| *Plaintiff,* § | CIVIL ACTION NO. 4:23-cv-1426 | |
| § | | |
| v. § | | |
| § | | |
| **BASIN ENGINEERING, LLC,** § § | | |
| *Defendant.* § | | |

## PLAINTIFF PEACHRIDGE ENERGY OPERATING, LLC'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), Peachridge Energy Operating, LLC ("Peachridge") files this Motion to Remand and respectfully requests that the Court reject Basin Engineering, Inc.'s basis for removal and remand the case to the Harris County District Court from which it was removed. In support thereof, Peachridge would respectfully show as follows:

PRELIMINARY STATEMENT

1. Assuming without conceding that Defendant stated otherwise adequate grounds for removal, this case should be remanded to state court because Defendant clearly and unequivocally waived any right to removal.

PROCEDURAL HISTORY

2. On January 25, 2023, Peachridge filed Plaintiff's Original Petition against Basin in Cause No. 2023-05058, *Peachridge Energy Operating, LLC v. Basin Engineering, LLC,* in the 129th Judicial District Court, Harris County, Texas (the "Harris County Lawsuit"). In the Harris County Lawsuit, Peachridge alleges claims based, in part, on a Consulting Services Agreement dated June 1, 2021 between Peachridge and Basin (the "CSA").

3.      On February 10, 2023, undersigned counsel for Peachridge provided a courtesy copy of the Harris County Lawsuit to Defendant's counsel in Oklahoma while formal service on Defendant was effected through the Texas Secretary of State. *See* Declaration of James Truss, attached hereto as Exhibit "A."

4.      On February 15, 2023, Peachridge's Original Petition and citation were received by the Texas Secretary of State.[1] The Texas Secretary of State forwarded the petition and citation to Defendant on March 17, 2023 and the same were received by Defendant on March 20, 2023.[2]

5.      On March 7, 2023, Defendant filed a separate lawsuit in Caddo County, Oklahoma for breach of the CSA and to foreclose a lien based on services performed under the CSA (the "Caddo County Lawsuit").

6.      On April 14, 2023, Defendant filed an Original Answer in the Harris County Lawsuit invoking the jurisdiction of the Harris County state district court and raising no objection to jurisdiction or venue.[3]

7.      Three days later, on April 17, 2023, Defendant filed its Notice of Removal in this Court.

## AUTHORITIES AND ARGUMENT

8.      "For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Peachridge submits that the contractual

---

[1] *See* Exhibit "A" to Defendant's Notice of Removal.
[2] *See id.* Although service on Defendant was effective upon the Texas Secretary of State's initial receipt of the petition and citation, Peachridge does not contest that March 20, 2023 is the correct date from which to calculate the 30-day period for timely removal.
[3] A true and correct copy of Defendant Basin Engineering, LLC's Original Answer is attached to the Truss Affidavit as Exhibit "A-1."

clause between the parties in this case contains just such a clear and unequivocal waiver of Defendant's right to removal.

9.      Section 10 of the CSA states, "The venue for any litigation regarding this Agreement or the subject matter thereof shall lie exclusively in the district courts of Harris County, Texas, and the Parties waive any and all objections to such venue and shall submit to the jurisdiction thereof."[4] By contractually agreeing to submit to the jurisdiction and venue exclusively in the district courts of Harris County, Texas, and to waive all objections to venue, Defendant waived its right to removal of any litigation concerning the CSA or the subject matter thereof. *See Whitaker v. Vista Staffing Solutions*, No. H-17-0876, 2017 WL 2983040, at *2 (S.D. Tex. July 11, 2017) (consenting to jurisdiction of state court and waiving any challenges to venue, taken together, creates clear and unequivocal waiver of right to remove). In this litigation, Peachridge alleges claims for (1) breach of the CSA; (2) negligence, gross negligence, and/or willful misconduct while performing obligations under the CSA; (3) professional negligence while performing obligations under the CSA; and (4) negligent hiring and supervision while performing obligations under the CSA. Consequently, the litigation clearly concerns the subject matter of the CSA and Defendant has agreed to submit to the jurisdiction and venue of the district courts of Harris County, Texas.  *See Whitaker*, 2017 WL 2983040, at *2; *see also Grand View PV Solar Two, LLC v. Helix Electric, Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) (analyzing provision fixing jurisdiction and venue in "the courts of Harris County in the State of Texas…"); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442 (2009) (analyzing provision designating "the Courts of Dallas County, Texas").

---

[4] A true and correct copy of the CSA is attached to Exhibit "A", the Truss Declaration, as Exhibit "A-2."

PRAYER

FOR THESE FOREGOING REASONS, Defendant Peachridge respectfully requests that this case be remanded to the District Court of Harris County, Texas.

Respectfully submitted,

By:  /s/ James M. ("Marty") Truss
James M. ("Marty") Truss
*Attorney-in-Charge*
State Bar No. 00797577
Federal Bar No. 21145
STEPTOE & JOHNSON, PLLC
711 Broadway, Suite 220
San Antonio, Texas 78215
210-953-1797 – Telephone
210-905-4256 – Facsimile
marty.truss@steptoe-johnson.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

      I certify that on April 21, 2023, I conferred with counsel for Defendant, Grace Cousins of Lanza Law Firm, P.C., via email and was advised that Defendant opposes this Motion and believes the venue provision in the Consulting Services Agreement is unenforceable.

                                              /s/ James M. ("Marty") Truss
                                              James M. ("Marty") Truss

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 5th day of May 2023:

Stew Schmella
Grace N. Cousins
LANZA LAW FIRM, P.C.
2502 Algerian Way
Houston, TX 77098

**ATTORNEYS FOR DEFENDANT**

/s/ James M. ("Marty") Truss
James M. ("Marty") Truss
