UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEACHRIDGE ENERGY OPERATING, LLC, | § § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:23-cv-1426 |
| v. | § § | |
| BASIN ENGINEERING, LLC, | § § § | JURY REQUESTED |
| *Defendant.* | § § | |

### DEFENDANT BASIN ENGINEERING, LLC'S
### RESPONSE TO MOTION TO REMAND

1. **Issue presented.**

Texas law enforces venue selection clauses related to "major transactions." To qualify as a major transaction, the stated value as expressly stated in the contract must equal at least $1 million. A CSA governs the relationship between Plaintiff Peachridge Energy Operating, LLC, and Defendant Basin Engineering, LLC. Should the Court enforce the CSA's venue selection clause if the CSA does not satisfy the "major transaction" test under Texas law?

2. **Relief requested.**

The Court should deny Peachridge's Motion to Remand and award Basin such other and further relief to which Basin may be justly entitled.

3. **Summary of response.**

The Court should deny Peachridge's Motion. Basin properly removed this case pursuant to the Court's diversity jurisdiction. To enforce a venue selection provision under

Texas law, the clause must have an aggregated stated value of $1 million or more. The CSA's venue selection provision is unenforceable because CSA does not set forth a stated value. Because the CSA does not satisfy the Texas standard for a "major transaction," the CSA's venue selection is unenforceable. The Court should deny Peachridge's Motion to Remand.

4. **Factual background.**

Peachridge and Basin entered into the CSA with an effective June 1, 2021.[1] Under the CSA, Peachridge engaged Basin to provide consulting services in exchange for a Consulting Fee.[2] The CSA does not set forth a dollar value for the current or potential, future services contemplated within the CSA.[3]

The CSA sets forth a venue selection provision. The venue selection provision provides, in pertinent part[4]:

> 10. GOVERNING LAW; VENUE. This Agreement shall be governed by and conformed in accordance with the laws of the State of Texas, without regard to its conflict of laws provisions. The venue for any litigation regarding this Agreement or the subject matter hereof shall lie exclusively in the district courts of Harris County, Texas, and the Parties waive any and all objections to such venue and shall submit to the jurisdiction thereof.

5. **Procedural background.**

On January 25, 2023, Peachridge sued Basin in Cause No. 2023-05058, *Peachridge Energy Operating, LLC v. Basin Engineering, LLC*, in the 129th Judicial District Court of Harris County, Texas. Basin answered the lawsuit in state court on April 14, 2023.[5] Basin timely removed the

---

[1] Exhibit 1, Consulting Services Agreement.
[2] *Id.* at ¶ 3.
[3] *See id.*
[4] *Id.* at ¶ 10.
[5] Basin's Original Answer (Dkt. 1-3, page 22) (Apr. 14, 2023).

lawsuit on April 17, 2023.[6] Basin removed to this Court, which encompasses the state court where Peachridge filed suit.[7] Peachridge filed suit. Peachridge initially filed its Motion to Remand on May 2, 2023.[8] Apparently intending to supersede its earlier Motion, Peachridge filed a second Motion to Remand a few days later, on May 5, 2023.[9]

The Court is presently scheduled to conduct its Initial Conference on July 12, 2023.[10]

6. **Basin properly removed the case to this Court.**

From the outset, Basin notes that Peachridge does not contest the following:

- Complete diversity of citizenship between the parties exists;
- The amount in controversy equals at least $75,000; and
- Basin removed this case to the Judicial District and Division encompassing Harris County, Texas.

Ordinarily, these facts would suffice to establish Basin properly removed the case to this Court.[11] To defeat removal, Peachridge contends that the Court should enforce the CSA's venue selection clause. As explained below, the CSA's venue selection clause is unenforceable as a matter of law.

7. **Texas substantive law applies.**

It has long been clear that federal courts sitting in diversity must apply state substantive law and federal procedural law.[12] Federal courts in diversity cases must respect the definition

---

[6] Basin's Notice of Removal (Dkt. 1) (Apr. 17, 2023).
[7] See 28 U.S.C. §1446(a).
[8] Peachridge's Motion to Remand (Dkt. 5) (May 2, 2023).
[9] Peachridge's Motion to Remand (Dkt. 7) (May 5, 2023).
[10] Notice of Resetting (Dkt. 9) (May 15, 2023).
[11] *See* 28 U.S.C. §1441(a).
[12] *Brown v. Burlington Coat Factory of Tex., Inc.*, 516 F.Supp.3d 693, 694-95 (S.D. Tex. 2021).

of state-created rights and obligations by the state courts.[13] Federal courts apply the forum state's choice of law rules when determining the substantive law which govern the interpretation of a forum-selection clause when it is at issue in a diversity case.[14] Under Texas law, a Court must make an initial determination of whether the agreement at issue contains a choice-of-law provision and whether that provision should control.[15] Texas generally enforces contractual choice of law provisions.[16]

The parties contracted for Texas law to apply.[17] As such, Texas substantive law applies to the pending litigation brought under the CSA.

8. **The venue selection clause of the CSA is unenforceable.**

The venue selection clause is unenforceable under Texas law. Forum selection clauses and venue selection clauses differ in critical ways. Forum generally refers to a sovereign or a state.[18] Venue refers to the county in which suit is proper within the forum state.[19] A venue selection clauses chooses a particular county or court within that state or sovereign.[20] Venue selection clauses are generally unenforceable in Texas unless the contract evinces a "major transaction."[21] Section 15.020 defines a major transaction as a transaction evidenced by a

---

[13] *Id.* at 695 *citing Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,* 356 U.S. 525 at 535, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958).).
[14] *Weber v. PACT XPP Techs, AG*, 811 F.3d 758, 770-71 (5th Cir. 2016).
[15] *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004).
[16] *International Interests, L.P. v. Hardy*, 448 F.3d 303, 306-07 (5th Cir. 2006) *citing DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990).
[17] Exhibit 1 at ¶ 10.
[18] *In re Great Lakes Dredge & Dock Co. L.L.C.*, 251 S.W.3d 68, 73 (Tex.App.—Corpus Christi-Edinburg 2008, orig. proceeding).
[19] *Id.*
[20] *Id.* at 73-74.
[21] *See Hiles v. Arnie & Co., P.C.,* 402 S.W.3d 820, 828 (Tex. App.--Houston [14th Dist.] 2013, pet. denied) (Brown, J.) *citing In re Texas Ass'n of Sch. Bds, Inc.*, 169 S.W.3d 653, 660 (Tex. 2005).

written agreement under which a person pays or receives, or is obligated to pay or entitled to receive, consideration with an aggregate ***stated*** value equal to or greater than one million dollars.[22] Section 15.020 mandates that the contract at issue must include the stated value of the contract to qualify as a major transaction.[23] Venue provisions that are not supported by statutory authority are unenforceable.[24]

The clause relied upon by Peachridge to defeat removal is a venue selection clause.[25] As such, it is generally unenforceable unless a statutory exception applies.[26] The CSA does not state a dollar value for the current or potential, future services contemplated within the CSA.[27] Under the plain language of Section 15.020, the CSA does not constitute a "major transaction."[28] Thus, the CSA's venue selection clause is unenforceable.

9. ***Blacklands* demonstrates the rule regarding major transactions.**

The *Blacklands* case is illustrative. In that case, the defendant (Northeast Texas Rural Transportation District or NETEX) sought to transfer venue from the Eastern District of Texas, Beaumont Division, to the Eastern District of Texas, Tyler Division, based on the forum selection clause of the agreement between it and the plaintiff (Blacklands Railroad).[29] Blacklands opposed the transfer.[30] The *Blacklands* Court noted that an affidavit stated that

---

[22] TEX. CIV. PRAC. & REM. CODE ANN. § 15.020 (emphasis added).
[23] *See id.*
[24] *See Hiles,* 402 S.W.3d at 828.
[25] Exhibit 1 at ¶ 10.
[26] *See Hiles,* 402 S.W.3d at 828.
[27] Exhibit 1 at ¶ 10.
[28] TEX. CIV. PRAC. & REM. CODE ANN.§ 17.020.
[29] *The Blacklands Railroad v. Northeast Texas Rural R.R. Transp. Dist.*, C.A. No. 1:19-CV-250, at *1 (E.D. Tex. Aug. 5, 2019) (Crone, J.). Basin has attached a copy of the *Blacklands* opinion for the Court's convenience as Exhibit 2.
[30] *Id.*

5

Blacklands had generated an annual revenue over $1 million.[31] Nonetheless, the Court also observed that neither NETEX or Blacklands indicated whether the agreement at issue stated the value of the consideration.[32] Likewise, neither NETEX or Blacklands indicated whether a provision in the subject agreement identified a value in excess of $1 million.[33] Accordingly, the contract at issue did not satisfy Section 15.020's major transaction requirement, and the venue selection provision did not apply.[34]

10. **Conclusion.**

The Court should deny Peachridge's Motion. The CSA's venue selection provision is unenforceable because CSA does not set forth a stated value, let alone one of $1 million or more. Because the CSA does not satisfy the Texas standard for a "major transaction," the CSA's venue selection clause is unenforceable. The Court should deny Peachridge's Motion.

11. **Prayer.**

The Court should deny Peachridge's Motion and award Basin such other and further relief to which Basin may be justly entitled.

---

[31] *Id.* at *10.
[32] *Id.*
[33] *Id.*
[34] *Id.*

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

*[signature]*

**STEW SCHMELLA**
*Attorney in Charge*
TBA No. 24033041
Federal Bar No. 29997
**GRACE N. COUSINS**
TBA No. 24109758
Federal Bar No. 3364219
2502 Algerian Way
Houston, TX 77098
**eservice@lanzalawfirm.com**
**sschmella@lanzalawfirm.com**
**gcousins@lanzalawfirm.com**
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT,
BASIN ENGINEERING, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent to all known counsel of record via the Court's CM/ECF system on May 24, 2023.

*[signature]*

**Grace N. Cousins**