**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PEACHRIDGE ENERGY OPERATING, LLC,** | § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 4:23-cv-1426** |
| **v.** | § § | |
| **BASIN ENGINEERING, LLC,** | § § § | |
| *Defendant.* | § | |

**PLAINTIFF PEACHRIDGE ENERGY OPERATING, LLC'S REPLY TO DEFENDANT
BASIN ENGINEERING, LLC'S RESPONSE TO MOTION TO REMAND**

Defendant Peachridge Energy Operating, LLC ("Peachridge") files this reply to Defendant Basin Engineering, LLC's ("Basin") Response to Motion to Remand and respectfully requests that the Court reject Basin Engineering, Inc.'s basis for removal and remand the case to the Harris County District Court from which it was removed. In support thereof, Peachridge would respectfully show as follows:

**STATEMENT OF ISSUES**

1.  Parties contractually waive the right to remove a case to federal court by consenting to the exclusive jurisdiction of state court and waiving any objections to venue.[1] Peachridge and Basin executed a Consulting Services Agreement ("CSA") in which the parties agreed to submit to jurisdiction and venue in the district courts of Harris County and waive all objections to such

---

[1] *See, e.g., Grand View PV Solar Two, LLC v. Helix Electric, Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) (finding a contract is a "clear and unequivocal" waiver of removal rights when "[i]t gives Harris County state courts exclusive jurisdiction over disputes such as the one plaintiffs brought in that county.") ); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448-49 (5th Cir. 2009) (when a "forum selection clause fixes 'exclusive' venue for litigation in [state court]… permitting removal would read the word 'exclusive' out of the contract."); *Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796, 798 (5th Cir. 2001) (finding that when a party consents to jurisdiction and waives any objection to venue, "the court is not free to relieve [that party] of its contractual waiver of jurisdiction and venue in [state court].")

venue.[2] Did Basin waive the the right to removal? Did Basin further waive any objection to venue by failing to object to venue prior to filing its answer in state court?[3]

## SUMMARY OF THE ARGUMENT

2.      In its response to Peachridge's Motion to Remand[4], Basin attempts to distract the Court's attention away from the only relevant inquiry and controlling caselaw. The dispositive issue before the Court is whether Basin waived any right of removal it may otherwise have had. The Motion to Remand and the caselaw cited therein makes clear that Basin has in fact waived any right to removal. Ignoring relevant authority, Basin attempts to recast this dispute as one over the appropriate venue and the enforceability of the parties' contractual venue provision. But this dispute is not about venue. Basin made no complaint about venue in the state court action, instead filing a general denial which waived any objection to venue that Basin may otherwise have had. Basin does not directly address the question posed by the Motion to Remand and authority cited therein, namely, whether Basin waived its right of removal.

3.      As discussed in the Motion and summarized below, Texas courts have held that parties can contractually waive the right to removal, which Basin clearly and unequivocally did when executing the CSA.[5] Furthermore, Defendant waived any right to object to venue by failing to do so prior to filing its answer in the state court action. Accordingly, this matter is ripe for remand.

## PROCEDURAL HISTORY

---

[2] Consulting Services Agreement, Dkt. 7-3, page 7 (June 1, 2021).
[3] *See* TEX. R. CIV. P. 86 ("[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion . . . ."); *see also Glover v. Moser*, 930 S.W.2d 940, 943 (Tex. App.—Beaumont 1996, writ denied) (confirming that the Texas Rules of Civil Procedure requires objections to venue be filed prior to or with the movant's first responsive pleading).
[4] Basin's Response to Motion to Remand, Dkt. 10 (May 24, 2023).
[5] Consulting Services Agreement, Dkt. 7-3, page 7 (June 1, 2021).

4.      On January 25, 2023, Peachridge filed Plaintiff's Original Petition against Basin in Cause No. 2023-05058, *Peachridge Energy Operating, LLC v. Basin Engineering, LLC,* in the 129th Judicial District Court, Harris County, Texas (the "Harris County Lawsuit"). In the Harris County Lawsuit, Peachridge alleges claims based, in part, on a Consulting Services Agreement dated June 1, 2021, between Peachridge and Basin (the "CSA").

5.      On April 14, 2023, Defendant filed an Original Answer in the Harris County Lawsuit invoking the jurisdiction of the Harris County state district court and raising no objection to jurisdiction or venue.[6]

6.      Three days later, on April 17, 2023, Defendant filed its Notice of Removal in this Court.[7]

7.      On May 5, 2023, Plaintiff filed its Motion to Remand.[8]

8.      On May 24, 2023, Defendant filed its Response to Motion to Remand.[9]

## AUTHORITIES AND ARGUMENT

**A. Defendant's attention to the enforceability of the parties' contractual venue provision is both untimely and misplaced**

9.      Peachridge and Basin executed the CSA, contractually agreeing to the following provision ("Paragraph 10"), among others:

> 10.      GOVERNING LAW; VENUE. This Agreement shall be governed by and conformed in accordance with the laws of the State of Texas, without regard to its conflict of laws provisions. The venue for any litigation regarding this Agreement or the subject matter hereof shall lie exclusively in the district courts of Harris County, Texas, and the Parties waive any and all objections to such venue and shall submit to the jurisdiction thereof.[10]

---

[6] *See* Basin's Original Answer, Dkt. 7-2 (Apr. 14, 2023).
[7] Basin's Notice of Removal, Dkt. 1 (Apr. 17, 2023).
[8] Peachridge's Motion to Remand, Dkt. 7 (May 5, 2023).
[9] Basin's Response to Motion to Remand, Dkt. 10 (May 24, 2023).
[10] Consulting Services Agreement, Dkt. 7-3, page 7 (June 1, 2021).

10.     Defendant cites the correct provision but asks the wrong question. Defendant asks whether Paragraph 10 is enforceable *as a venue selection clause*. Yet Defendant made no timely complaint about improper venue in the state court action. Because Defendant filed its Answer in state court without any objection to improper venue, any complaint about venue is waived.[11]

11.     Defendant also fails to recognize that under relevant authority from the 5th Circuit and this very District, Paragraph 10 operated to waive any rights of removal Defendant may have otherwise had. *See Whitaker v. Vista Staffing Solutions*, No. H-17-0876, 2017 WL 2983040 (S.D. Tex. July 11, 2017) (submission to jurisdiction along with waiver of objections to venue amount to a "clear and unequivocal waiver of removal rights").

12.     Defendant cites to the definition of "major transactions" in Section 15.020 as determinative of whether Paragraph 10 prohibits removal of the case from state court to federal court. *See* Response at Sec. 8. However, Section 15.020 only concerns in which *county* a case involving major transactions can be brought, not which court system. Section 15.020 does not address removal at all. Whether Paragraph 10 is enforceable *as a venue provision* is irrelevant when, as here, Defendant has submitted to the exclusive jurisdiction of the state courts of Harris County and waived any objections to venue. *See Grand View PV Solar Two, LLC v. Helix Electric, Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) (finding a contract is a "clear and unequivocal" waiver of removal rights when "[i]t gives Harris County state courts exclusive jurisdiction over disputes such as the one plaintiffs brought in that county.") ); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448-49 (5th Cir. 2009) (when a "forum selection clause fixes 'exclusive' venue for litigation in [state court]… permitting removal would read the word 'exclusive' out of the contract."); *Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796, 798 (5th Cir. 2001) (finding

---

[11] *See* TEX. R. CIV. P. 86 ("[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion . . . .").

that when a party consents to jurisdiction and waives any objection to venue, "the court is not free to relieve [that party] of its contractual waiver of jurisdiction and venue in [state court].").

13.    After reviewing 5th Circuit authority on similar waivers of removal rights, Judge Rosenthal in a Memorandum Opinion noted that, consenting to jurisdiction along with waiving any objection to venue "create[s] a clear and unequivocal waiver of removal rights if the plaintiff chose to file suit in state court." *Whitaker*, 2017 WL 2983040, at *2 (citing *Waters*, 252 F.3d 796 at 797; *and GP Plastics Corp. v. Interboro Packaging Corp.*, 108 Fed.Appx. 832, 836 (5th Cir. 2004)). By contractually agreeing to submit to the jurisdiction and venue exclusively in the district courts of Harris County, Texas, and to waive all objections to venue, Defendant waived its right to removal of any litigation concerning the CSA or the subject matter thereof. *See id*. Even if Defendant's venue argument were timely, which it was not, it has no effect on whether Defendant effectively waived any right to remove.

**B.   The *Blacklands* case and other cited caselaw are not relevant to interpreting waivers of the right of removal.**

14.    Defendant ignores the relevant and controlling authority cited in the Motion to Remand, and none of the authorities cited by Defendant address the right to remove a case from state court to federal court or waiver of that right of removal. Rather, all focus on transfer of venue from one state court to another state court or from one federal court to another federal court.

15.    As Defendant states in its Response, "[i]n [*Blacklands*][12], the defendant… **sought to transfer venue** from the Eastern District of Texas, Beaumont Division, to the Eastern District of Texas, Tyler Division…" Response at Sec. 9. The very first sentence of the opinion is: "Pending before the court is Defendant['s]… Rule 12(b)(3) Motion to Transfer Venue (#3)." *Blacklands*

---

[12] *Blacklands Railroad v. Northeast Texas Rural R.R. Transp. Dist.*, No. 1:19-CV-250, 2019 WL 3613071, at *1 (E.D. Tex. Aug. 5, 2019).

*Railroad v. Northeast Texas Rural R.R. Transp. Dist.*, No. 1:19-CV-250, 2019 WL 3613071, at *1
(E.D. Tex. Aug. 5, 2019). Because a Motion to Remand is pending before this court, not a Motion
to Transfer Venue, the *Blacklands* case is ***not*** "illustrative."

16.     Similarly, Defendant cites the *Hiles* case. *See Hiles v. Arnie & Co., P.C.*, 402
S.W.3d 820 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In *Hiles*, the parties disagreed
as to which County Court should hear their case, Dallas County or Harris County. *See generally*,
*id.* Both are state courts. Again, the case at hand is differentiated from *Hiles* because Plaintiff is
looking to remand the case from federal court to state court, not transfer the case from state court
to state court or otherwise determine in which state court venue is proper.

## CONCLUSION

17.     Basin contractually agreed to submit to the jurisdiction and venue in the district
courts of Harris County and waived any objections to venue, resulting in a waiver of the right to
removal. Accordingly, Peachridge requests the Court grant Peachridge's Motion to Remand.

## PRAYER

FOR THESE FOREGOING REASONS, Defendant Peachridge respectfully requests that
this case be remanded to the District Court of Harris County, Texas.


Respectfully submitted,



By:     /s/ James M. ("Marty") Truss
        James M. ("Marty") Truss
        *Attorney-in-Charge*
        State Bar No. 00797577
        Federal Bar No. 21145
        STEPTOE & JOHNSON, PLLC
        711 Broadway, Suite 220
        San Antonio, Texas 78215

210-953-1797 – Telephone
210-905-4256 – Facsimile
marty.truss@steptoe-johnson.com

***ATTORNEY FOR PLAINTIFF***

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 5th day of May 2023:

Stew Schmella
Grace N. Cousins
LANZA LAW FIRM, P.C.
2502 Algerian Way
Houston, TX 77098

**ATTORNEYS FOR DEFENDANT**

<u>/s/ James M. ("Marty") Truss</u>
James M. ("Marty") Truss