Case 4:23-cv-01426   Document 11-1   Filed on 06/02/23 in TXSD   Page 1 of 4

Whitaker v. Vista Staffing Solutions, Inc., Not Reported in Fed. Supp. (2017)

KeyCite Yellow Flag - Negative Treatment
Distinguished by [Stemmons Enterprise, L.L.C. v. Fisker, Inc.,](#) S.D.Tex., November 10, 2022

2017 WL 2983040
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Houston Division.

Bruce and Betty WHITAKER d/b/a/ The Whitaker Companies, Inc., Plaintiffs,

v.

VISTA STAFFING SOLUTIONS, INC., On Assignment, Inc., and

Envision Healthcare Holdings, Inc./Emcare Division, Defendants.

Civil Action No. H–17–0876
|
Signed 07/11/2017
|
Entered 07/12/2017

**Attorneys and Law Firms**

[John Thomas McDowell](#), [Kacy Joy Shindler](#), McDowell Wells LLP, Houston, TX, [Vincent Lee Marable, III](#), Paul Webb PC, Wharton, TX, for Plaintiffs.

[Aimee M. Housinger](#), Greenberg Traurig, Houston, TX, for Defendants.

## MEMORANDUM AND OPINION

[Lee H. Rosenthal](#), Chief United States District Judge

**\*1** Bruce and Betty Whitaker, d/b/a the Whitaker Companies,[1] filed this suit in Texas state court, seeking contractual "earnout" payments related to a business they sold the defendants in December 2013. The defendants timely removed on the basis of diversity jurisdiction. Whitaker moved to remand on the ground that the purchase agreement waived the defendants' removal rights. (Docket Entry No. 11). The defendants responded, and the plaintiffs replied. (Docket Entry Nos. 19, 21). For the reasons explained in detail below, the motion to remand is granted, and this action is remanded to the 127th Judicial District Court of Harris County, Texas.

**I. Background**

Bruce and Betty Whitaker, citizens of Texas, owned The Whitaker Companies, Inc. Vista Staffing Solutions is a Delaware corporation doing business in Texas with its principal place of business in Colorado; On Assignment is a Delaware corporation with its principal place of business in California; and Envision Healthcare Holdings, Inc./EmCare Division is a Delaware corporation with its principal place of business in Colorado. After learning that Envision Healthcare Holdings is no longer an active company and that the proper defendant is Envision Healthcare Corp., Whitaker amended to assert claims against Envision Healthcare Corp. as successor to Envision Healthcare Holdings Inc./EmCare Division. (Docket Entry No. 13, 4).

In December 2013, Whitaker contracted with Vista to sell Whitaker Medical, LLC, a Texas-based medical personnel staffing and recruitment business. The parties entered into a Membership Interest Purchase Agreement, which contained the following forum-selection clause:

Case 4:23-cv-01426 Document 11-1 Filed on 06/02/23 in TXSD Page 2 of 4

Whitaker v. Vista Staffing Solutions, Inc., Not Reported in Fed. Supp. (2017)

> Each party (a) submits to the jurisdiction of any state or federal court sitting in Houston, Texas in any action or proceeding arising out of or relating to this Agreement (including any action or proceeding for the enforcement of any arbitral award made in connection with any arbitration of a Dispute hereunder), (b) agrees that all claims in respect of such action or proceeding may be heard and determined in any such court, (c) waives any claim of inconvenient forum or other challenge to venue in such court, (d) agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court and (e) waives any right it may have to a trial by jury with respect to any action or proceeding arising out of or relating to this Agreement ....

(Docket Entry No. 11 at 4). On Assignment signed an agreement guaranteeing payment of the purchase price.

Envision subsequently bought Vista from On Assignment. Whitaker alleges that the defendants intentionally reduced Whitaker Medical's growth after the sale to avoid paying the "Earnout Amount" owed under the Purchase Agreement. (Docket Entry No. 13). Whitaker moved to remand, arguing that the defendants waived their right to remove through the contractual forum-selection clause. (Docket Entry No. 11).

**II. Analysis**

*2 "A contractual clause prevents removal where the clause amounts to a 'clear and unequivocal' waiver of removal rights." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., L.L.C., J.V.*, 847 F.3d 255, 257–58 (5th Cir. 2017) (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). "[A] waiver of [a party's] removal rights does not have to include explicit words, such as 'waiver of right of removal[.]' " *Waters v. Browning–Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (citations omitted). "A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." *Grand View*, 847 F.3d at 258 (quoting *City of New Orleans*, 376 F.3d at 504); *see also Waters*, 252 F.3d at 797 ("A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the 'right to choose the forum' in which any dispute will be heard."). "Because removal must be unanimous, a single defendant's waiver of its removal rights is enough to defeat removal." *Grand View*, 847 F.3d at 258 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)). [2] "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 258 (quoting *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)) (alteration in original).

In *Waters*, the Fifth Circuit held that a forum-selection clause similar to the one at issue here waived the defendant's right to remove. The clause in *Waters* stated:

> Company consents with respect to any action, suit or other legal proceeding pertaining directly to this Agreement or to the interpretation of or enforcement of any Employee's rights hereunder, to service of process in the State of Texas .... Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action, or legal proceeding and (iii)

waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.

*Waters*, 252 F.3d at 797. The court reasoned that the defendant "(1) agreed that [plaintiff] may sue it in any court of Texas, (2) consented to the jurisdiction of any court in Texas to decide the case, and (3) waived any objection to venue in any court in Texas[.]" *Id.* at 798. "A successful removal by defendant ... would revoke plaintiff's choice to have his case heard [in state court] .... The court is not free to relieve [defendant] of its contractual waiver of jurisdiction and venue in [state court]." *Id.*

The forum-selection clause in the Purchase Agreement, like the one in *Waters*, gives the plaintiff the "right to choose" between a state or federal court in Harris County, Texas. See *GP Plastics Corp. v. Interboro Packaging Corp.*, 108 Fed.Appx. 832, 836 (5th Cir. 2004) (citing *Waters*, 252 F.3d at 797). The defendants in both cases consented to the state court's jurisdiction and waived challenges to venue. The Fifth Circuit held that the "consent[ ] to jurisdiction" and waiver of "any objection" to venue, taken together, created a clear and unequivocal waiver of removal rights if the plaintiff chose to file suit in state court.

The defendants attempt to distinguish *Waters* by arguing that it applies only to unilateral forum-selection clauses, not mutual clauses like the one here. In *Waters*, the clause pertained only to the "[c]ompany," the defendant in that case. This clause pertains to "[e]ach party." In *Dual Trucking, Inc. v. JC Instride, Inc.*, No. 13–cv–2523, 2013 WL 3818357, at *3 (E.D. La. July 22, 2013), the District Court for the Eastern District of Louisiana adopted that distinction, stating that "the *Waters* clause gave only one party the exclusive right of forum choice while the clause here expresses the rights of both parties. " The court denied a motion to remand. A few other courts have followed this approach. See *Spenlinhauer v. R.R. Donnelly & Sons Co.*, 534 F. Supp. 2d 162, 163 (D. Maine 2008); *Equity Staffing Group Inc. v. RTL Networks, Inc.*, No. 13–cv–3510, 2014 WL 2566316, at *4–5 (D. Colo. June 6, 2014) (same). Most courts, however, reject the distinction between unilateral and mutual forum-selection clauses adopted in *Dual Trucking*. These courts reason that a clause requiring *both* parties to waive jurisdiction and venue objections bars removing a suit filed in state court, notwithstanding the fact that the agreement was mutual rather than unilateral. *See, e.g.*, *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1081–82 (8th Cir. 2005) (per curiam) (citing *Waters*, 252 F.3d at 797–98); *AdvanceMe, Inc. v. Le Magnifique,* LLC, No. 1:13–CV–02175–RWS, 2014 WL 61526, at *5 (N.D. Ga. Jan. 8, 2014) (citing *Waters*, 252 F.3d at 797–98); *Country Creek Farms, LLC v. Fleischer's Bagels, Inc.*, No. 11 –5028, 2011 WL 1258139, at *2 (W.D. Ark. Mar. 31, 2011) (citing *iNet*, 394 F.3d at 1082); *Citimortgage, Inc. v. Loan Link Fin. Servs.*, No. 4.07CV1989SNL, 2008 WL 695392, at *3 (E.D. Mo. Mar. 12, 2008) (citing *iNet*, 394 F.3d at 1081); *Ocwen Orlando Holdings Corp. v. Harvard Prop. Trust, LLC*, No. 6:07–CV–1113–Orl–31DAB, 2007 WL 2330915, at *4 (M.D. Fla. Aug. 13, 2007) (citing *Waters*, 252 F.3d at 797–98).

**\*3** This court agrees with the majority of courts facing similar clauses. *Dual Trucking*'s distinction of *Waters* is unpersuasive.[3] *Waters* did not turn on the fact that only one party had waived its right to object to jurisdiction or venue in a particular court. The primary difference between *Waters* this case is that, here, the parties' mutual agreement to waive jurisdiction and venue objections creates a first-mover advantage rather than vesting forum-selection rights in only one party. Under the Purchase Agreement in this case, the party initiating the litigation could choose whether to proceed in state court or federal court, as long as it was in Harris County, Texas. The other party cannot challenge that choice. Whitaker sued first and therefore had a contractual right to choose whether the forum would be a state or federal court in Harris County, Texas. It chose state court. Whitaker, Vista, and On Assignment all agreed to accept that choice when they signed the Purchase Agreement containing the forum-selection clause. The case must be remanded.

### III. Conclusion

Whitaker v. Vista Staffing Solutions, Inc., Not Reported in Fed. Supp. (2017)

Case 4:23-cv-01426   Document 11-1   Filed on 06/02/23 in TXSD   Page 4 of 4

The motion to remand is granted. (Docket Entry No. 11). By separate order, this case is remanded to the 127th Judicial District Court of Harris County, Texas.

SIGNED on July 11, 2017, at Houston, Texas.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 2983040

## Footnotes

1      Bruce and Betty Whitaker, as well as the Whitaker Companies, are referred to collectively as "Whitaker."

2      The parties appear to agree that if the forum-selection clause in the Purchase Agreement waives removal, remand is required.

3      Although the defendants do not press the point, the *Dual Trucking* court also made much of the fact that the defendant in *Waters* had "irrevocably" submitted to jurisdiction and venue in the appropriate state or federal court. The forum-selection clause in this case does not state that the waiver of jurisdiction and venue challenges is "irrevocable." However, this court does not find *Dual Trucking*'s reasoning on this point persuasive. There is no difference between "agreeing" and "irrevocably agreeing" in the forum-selection clause at issue here. In either case, the promise is enforceable unless there are legal grounds to avoid enforcement. The parties agreed that the choice of a state or federal tribunal in Harris County excluded other tribunals. The presence or absence of the word "irrevocably" does not affect the applicability of the holding in *Waters* to the current facts.

**End of Document**      © 2023 Thomson Reuters. No claim to original U.S. Government Works.