United States District Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEACHRIDGE ENERGY OPERATING, LLC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-1426 |
| BASIN ENGINEERING, LLC., | § § § | |
| *Defendants*. | § § § | |

## ORDER GRANTING MOTION TO REMAND

Pending before the Court is Plaintiff Peachridge Energy Operating, LLC's ("Peachridge" or "Plaintiff") Motion to Remand. (Doc. No. 7). Defendant Basin Engineering, LLC ("Basin" or "Defendant") responded (Doc. No. 10) and Peachridge replied (Doc. No. 11). Plaintiff asks this Court to remand the case to the Harris County District Court from which it was removed because Basin clearly and unequivocally waived any right to removal due to a jurisdiction and venue clause in the parties' Consulting Services Agreement ("CSA"). Having examined the briefings, relevant case law, and language contained in the CSA, the Court hereby GRANTS Peachridge's motion to remand. (Doc. No. 7). Basin's recently filed Motion for Leave to Designate Responsible Third Party (Doc. No. 19) is hereby denied as moot. That motion should be heard by the state district court.

On January 25, 2023, Peachridge filed its Original Petition against Basin in Cause No. 2023-05058, *Peachridge Energy Operating, LLC v. Basin Engineering, LLC*, in the 129th Judicial District Court, Harris County, Texas (the "Harris County Lawsuit"). In the Harris County Lawsuit, Peachridge alleges claims based, in part, on the CSA dated June 1, 2021, between Peachridge and

Basin. On April 14, 2023, Basin filed an Original Answer in the Harris County Lawsuit invoking the jurisdiction of the Harris County state district court and raising no objection to jurisdiction or venue. (Doc. No. 7, Ex. A-1). Peachridge argues that Basin's failure to object to jurisdiction or venue in its answer, combined with the language of the CSA's jurisdiction and venue clause, constitutes a clear and unequivocal waiver of Basin's right to removal.

Section 10 of the CSA states: "This Agreement shall be governed by and conformed in accordance with the laws of the State of Texas, without regard to its conflict of laws provisions. The venue for any litigation regarding this Agreement or the subject matter hereof shall lie ***exclusively*** in the district courts of Harris County, Texas, and the Parties ***waive any and all objections to such venue and shall submit to the jurisdiction thereof.***" (Doc. No. 10-1 at 7) (emphasis added).

Peachridge argues, and Basin does not deny, that this litigation concerns the CSA and the subject matter thereof. As such, Peachridge argues that by (1) contractually agreeing to exclusively submit to jurisdiction and venue in the district courts of Harris County, Texas, and (2) failing to object to venue in its Original Answer, Basin waived its right to removal of this litigation.

Basin argues that under Texas law, venue agreements are unenforceable unless they involve a "Major Transaction," which requires that the contract, on its face, state an amount equal to or greater than $1 million. *See* Tex. Civ. Prac. & Rem. Code § 15.020. Thus, according to Basin, removal is proper because the venue selection clause is unenforceable as it does not state an amount of $1 million. Basin cites several cases in support of this proposition. The cases cited by Basin, however, are unavailing since they involve parties' attempts to transfer venues within the same court system, not attempts to remove to federal court. Moreover, § 15.020 concerns which *county* a case involving a major transaction can be brought in, not which court system. Thus, the cited

law only demonstrates that when a party is seeking to *transfer venue*, Texas Courts will not enforce a venue selection agreement unless it involves a "Major Transaction."

Here, Peachridge is not seeking to transfer venue. Rather, it is seeking a remand to Harris County District Courts, arguing that Section 10 of the CSA operates as a waiver of any rights of removal Basin may have otherwise had. The Court finds that Basin's consenting to "exclusive" jurisdiction in Harris County District Courts and waiving "any and all" objections to venue constitutes a clear and unequivocal waiver of removal rights. *See Whitaker v. Vista Staffing Solutions*, No. H-17-0876, 2017 WL 2983040, at *2 (S.D. Tex. July 11, 2017) (contractually consenting to jurisdiction of state court and waiving any challenges to venue, taken together, creates clear and unequivocal waiver of right to remove); *see also Grand View PV Solar Two, LLC v. Helix Electric, Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) (finding a contract is a "clear and unequivocal" waiver of removal rights when "[i]t gives Harris County state courts exclusive jurisdiction over disputes such as the one plaintiffs brought in that county."); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448–49 (5th Cir. 2009) (when a "forum selection clause fixes 'exclusive' venue for litigation in [state court]… permitting removal would read the word 'exclusive' out of the contract."). Accordingly, Plaintiff's Motion to Remand is hereby GRANTED. This case is remanded to the 129th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas, this 30 day of November, 2023.

Andrew S. Hanen
United States District Judge

3